# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN HAGIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-146-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stephen Hagin appeals the 365-month, within-guidelines sentence imposed in connection with his conviction for possession with the intent to distribute 50 grams or more of a mixture containing methamphetamine. Hagin argues that the district court engaged in impermissible factfinding by holding him responsible at sentencing for 4.76 kilograms of methamphetamine. Though Hagin acknowledges that his statutory range was 5-40 years both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10001

before and after the factfinding, he contends that the district court's factfinding made a low sentence unlikely, effectively raising the statutory minimum sentence in his case and violating the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Because Hagin did not object on this basis in the district court, we review for plain error only. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). Hagin does not allege and there is no indication in the record that the district court concluded that a 10-year statutory minimum sentence was applicable in his case. Rather, the district court imposed a sentence within the guidelines range based on relevant conduct, and the facts did not have to be admitted by Hagin or found by a jury. *See Hinojosa*, 749 F.3d at 412-13; *see also Alleyne*, 133 S. Ct. at 2163. There is no plain error. *See Hinojosa*, 749 F.3d at 413.

Hagin also challenges the substantive reasonableness of his sentence, arguing that the court improperly balanced the relevant sentencing factors. We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Hagin's sentence was within the guidelines range, the sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court considered Hagin's arguments in mitigation and concluded that a sentence within the guidelines range was appropriate. Hagin's argument amounts to a "disagreement with the propriety of the sentence imposed" and does not rebut the presumption of reasonableness. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Cooks*, 589 F.3d at 186.

The judgment of the district court is AFFIRMED.